Filed 3/2/23  P. v. Martinez CA3
*Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CHRISTINA MARTINEZ,<br><br>Defendant and Appellant. | C093077<br><br>(Super. Ct. No. 09F04716)<br><br>OPINION ON TRANSFER |

In August 2011, a jury found defendant Christina Martinez guilty of first degree murder, robbery, and burglary and found true robbery-murder and burglary-murder special circumstances.  On appeal, this court affirmed defendant's murder conviction but vacated the robbery and burglary convictions because the charges were untimely brought.

Thereafter, defendant sought resentencing pursuant to Penal Code[1] section 1172.6.[2] The trial court denied defendant's petition at the prima facie stage, finding the record established defendant was ineligible for resentencing on multiple grounds.

Defendant appealed and, in an unpublished opinion, we affirmed, agreeing with the trial court that the jury's special circumstance findings barred her from resentencing as a matter of law. (*People v. Martinez* (Mar. 21, 2022, C093077) [nonpub. opn.].)

Our Supreme Court granted review and ultimately transferred the matter back to us with directions to vacate our decision and reconsider the cause in light of its recent decision, *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). We now conclude, and the People concede, that the trial court's denial of the petition is inconsistent with section 1172.6 and *Strong*. Accordingly, we reverse and remand for further proceedings.

FACTUAL AND PROCEDURAL HISTORY

The relevant facts[3] are taken from our unpublished opinion following defendant's direct appeal. (*People v. Hammons* (Jan. 12, 2015, C069317) [nonpub. opn.].)[4] In July 2004, defendant participated in a home invasion robbery and burglary with her boyfriend and codefendant, Robert Lee Hammons, and two teenage boys. During the robbery,

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    Effective June 30, 2022, the Legislature renumbered former section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. Although defendant filed her petition under former section 1170.95, we will refer to it as section 1172.6 throughout this opinion.

[3]    We provide this summary of facts from *People v. Hammons* solely for context and do not rely on these facts for our analysis or disposition here. (See § 1172.6, subd. (d)(3).)

[4]    We construed defendant's request for judicial notice as a motion to incorporate by reference the record in her direct appeal and our corresponding opinion, and granted the motion.

Hammons encountered a man who lived in the home and beat him to death with a steering wheel locking device known as "the Club," which Hammons took from the victim's couch. One teenage accomplice testified that as the victim lay unconscious on the ground, defendant grabbed speaker wire and stood watch over his body, prepared to choke him if he revived.

Defendant was tried by jury in August 2011. The jury found defendant guilty of first degree murder based on a felony-murder theory (§ 187, subd. (a)); first degree robbery while acting in concert (§§ 211, 213, subd. (a)(1)(A)); and first degree burglary. (§ 459.) It also found true the special circumstances allegations of killing while engaged in a robbery and burglary. (§ 190.2, subd. (a)(17).) The trial court sentenced defendant to life without possibility of parole for the murder with special circumstances. It imposed and stayed terms for robbery and burglary under section 654. On appeal, we vacated defendant's convictions for robbery and burglary because they were brought after the statute of limitations had run. We affirmed the judgment in all other respects. The Supreme Court denied defendant's petition for review.

On April 20, 2016, the California Supreme Court summarily denied defendant's petition for writ of habeas corpus.

In December 2018, Governor Edmund G. Brown Jr., partially commuted defendant's sentence to a total of 13 years to life, based on defendant's "exemplary conduct in prison" and her "efforts to put the impacts of her prior abuse [from childhood and from Hammons] behind her."

On January 17, 2019, defendant filed a form petition for resentencing under section 1172.6 in propria persona. Her declaration stated that she was prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine and that she could not now be convicted of murder because of the changes made to sections 188 and 189. She also erroneously stated that she pleaded guilty or no contest to murder. Defendant requested appointment of counsel.

The trial court appointed counsel and set a briefing schedule.  Following briefing, but without holding a hearing, the trial court denied the petition in a written order finding that defendant failed to make the required prima facie showing.  Specifically, it noted the split in appellate authority regarding whether a true finding on felony-murder special circumstances alone defeats a section 1172.6 petition in light of *People v. Banks* (2015) 61 Cal.4th 788, 798 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).  It stated that even if it followed the line of cases requiring a court to independently review the evidence to determine if she could still be convicted of murder under the amended section 189, subdivision (e), defendant's petition failed because the evidence in the record of conviction supported a finding that defendant was a major participant in the burglary and robbery who acted with reckless indifference to human life.  The trial court further found (1) the evidence supported a finding defendant aided and abetted the victim's murder; (2) the record demonstrated that defendant would still be convicted of murder as a matter of law under *Banks* and *Clark*; and (3) defendant proffered no new evidence warranting an evidentiary hearing.

Defendant timely appealed the denial of her petition.  On August 18, 2020, while defendant's petition for resentencing was pending, the federal district court adopted the magistrate judge's recommendation to deny defendant's federal habeas petition (28 U.S.C. § 2254).  (*Martinez v. Johnson* (E.D.Cal. Aug. 18, 2020, No. 2:16-cv-1302 MCE AC) 2020 WL 4793992.)

On March 21, 2022, we affirmed the trial court's denial of defendant's section 1172.6 petition based on the jury's special circumstance findings.  Thereafter, we denied defendant's petition for rehearing, with an order modifying the opinion, without a change in judgment.

## DISCUSSION

In a supplemental brief following transfer from the Supreme Court, defendant argues the trial court erred in denying her petition for resentencing at the prima facie

4

stage by relying on the special circumstance findings in view of *Strong, supra*, 13 Cal.5th 698. The People concede that the holding in *Strong* compels reversal and remand in this case. We agree with the parties.

A. *Legal background*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), effective January 1, 2019, was enacted to amend the felony-murder rule and eliminate the natural and probable consequences doctrine as it relates to murder. (Stats. 2018, ch. 1015; *People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270, 275.) To that end, Senate Bill 1437 amended sections 188 and 189 and added section 1172.6.

Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder. As relevant here, a participant in the perpetration or attempted perpetration of a felony listed in subdivision (a), defining first degree murder, in which a death occurs, is liable for murder if the person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of section 190.2. (Stats. 2018, ch. 1015, § 3.)

Senate Bill 1437 also added section 1172.6 to delineate the resentencing petition process for a "person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory . . . ." (§ 1172.6, subd. (a).) Once a defendant submits a petition and the court performs an initial review for missing information and appoints counsel for defendant, subdivision (c) of section 1172.6 provides: "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."

5

B.      *Eligibility for relief with special circumstances present*

Section 190.2, subdivision (d) provides that for the purposes of those special circumstances based on the enumerated felonies in paragraph (17) of subdivision (a), which include robbery and burglary, an aider and abettor must have been a "major participant" and have acted "with reckless indifference to human life." (§ 190.2, subd. (d); *Banks, supra*, 61 Cal.4th at p. 798.) Thus, on its face, a special circumstance finding satisfies the requirements for accomplice murder liability even after Senate Bill 1437. (§ 189, subd. (e).)

Since defendant's conviction, however, the Supreme Court has refined the analysis for who qualifies as a major participant acting with reckless indifference to human life in *Banks, supra*, 61 Cal.4th 788 and *Clark, supra*, 63 Cal.4th 522. In *Banks*, the Supreme Court identified a series of considerations, none of which are "necessary, nor is any one of them necessarily sufficient," for determining whether a defendant was a major participant: "What role did the defendant have in planning the criminal enterprise that led to one or more deaths? What role did the defendant have in supplying or using lethal weapons? What awareness did the defendant have of particular dangers posed by the nature of the crime, weapons used, or past experience or conduct of the other participants? Was the defendant present at the scene of the killing, in a position to facilitate or prevent the actual murder, and did his or her own actions or inaction play a particular role in the death? What did the defendant do after lethal force was used?" (*Banks*, at p. 803, fn. omitted.)

Similarly, in *Clark*, the Supreme Court found " 'reckless indifference' " to "encompass[] a willingness to kill (or to assist another in killing) to achieve a distinct aim . . . ." (*Clark, supra*, 63 Cal.4th at p. 617.) It also provided a nonexhaustive list of factors to consider in making this determination, including use of or awareness of the presence of a weapon or weapons, physical presence at the scene and opportunity to

6

restrain confederates or aid victims, the duration of the crime, knowledge of any threat the confederates might represent, and efforts to minimize risks. (*Id*. at pp. 618-623.)

In *Strong*, the Supreme Court addressed the impact of *Banks* and *Clark* on section 1172.6 petitions for defendants with special circumstance findings. The Supreme Court found that "*Banks* and *Clark* both substantially clarified the law governing findings under [] section 190.2, subdivision (d)" such that they "represent the sort of significant change that has traditionally been thought to warrant reexamination of an earlier-litigated issue." (*Strong, supra*, 13 Cal.5th at pp. 706, 717.) Consequently, special circumstance findings made before *Banks* and *Clark* "do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Strong*, at p. 710.) Thus, a defendant with a special circumstance finding applying for relief through a section 1172.6 petition may still be ineligible for relief, but it must be determined beyond a reasonable doubt the defendant was a major participant who acted with reckless indifference to human life under the *Banks*/*Clark* analyses. (*Strong*, at p. 721.) And though a special circumstance finding can be challenged through a habeas corpus petition, "nothing in section 1172.6 says that a defendant *must* always do so before seeking resentencing." (*Strong*, at p. 713.) Thus, in light of *Strong*, reversal and remand is appropriate.[5]

---

[5] In view of our conclusion here, we need not address defendant's arguments that the trial court also committed procedural error under *People v. Lewis* (2021) 11 Cal.5th 952 and *People v. Drayton* (2020) 47 Cal.App.5th 965. We simply note that the trial court is required to follow all applicable legal and procedural requirements on remand.

7

DISPOSITION

The order denying the petition is reversed.  The case is remanded to the trial court to allow the trial court to consider whether defendant has made a prima facie case for relief under section 1172.6.


      KRAUSE      , J.


We concur:


     RENNER      , Acting P. J.


     BOULWARE EURIE , J.

8